IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL CARDORA ROBERSON | § | |
| v. | § | CIVIL ACTION NO. 6:18cv548 |
| NORRIS JACKSON, ET AL. | § | |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff Michael Cardora Roberson, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court referred the matter to the Honorable K. Nicole Mitchell, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.

Plaintiff complained of an alleged use of force which took place on August 29, 2018. The Defendants filed a motion for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The summary judgment evidence, including documents submitted by Plaintiff, showed that Plaintiff filed his Step One grievance concerning the incident on October 1, 2018, and then filed his lawsuit on October 12, 2018. The Step One grievance was denied on November 13, 2018, and Plaintiff filed a Step Two appeal on January 25, 2019. This appeal was denied on February 15, 2019.

The magistrate judge determined that Plaintiff failed to exhaust his administrative remedies because he filed his lawsuit while his Step One grievance was still pending. The Fifth Circuit has held that the grievance process must be completed before the complaint is filed, and it is not sufficient to complete the exhaustion process after filing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Thus, the magistrate judge recommended that the lawsuit be dismissed without prejudice for failure to exhaust administrative remedies.

1

In his objections, Plaintiff asserts that prisoners do not need to show in their complaint that they have exhausted the grievance procedure, only unexhausted claims should be dismissed, and summary judgment is not appropriate where there are disputed issues of fact. In the present case, the magistrate judge did not rely solely on the pleadings but received a motion for summary judgment along with summary judgment evidence. This evidence showed that none of the Plaintiff's claims were exhausted because he filed his lawsuit prior to exhausting the grievance procedure. Plaintiff has not shown a disputed issue of fact with regard to whether or not he exhausted his administrative remedies; on the contrary, the documents he submitted demonstrate that he did not exhaust his administrative remedies prior to filing suit.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Plaintiff's objections lack merit.

## ORDER

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. The Defendants' motion for summary judgment is **GRANTED** and the lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. All motions not previously ruled upon are hereby **DENIED**.

**SIGNED** this the **17** day of **March, 2020.**

Thad Heartfield
United States District Judge